UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |  |
|---|---|
| PHILIP E. DeBLASIO,<br><br>      Plaintiff,<br><br>    -v.-<br><br>DOCTOR WILLIAMS,<br>CORRECTIONAL OFFICER SIMON,<br>CORRECTIONAL OFFICER JOHN<br>DOE #1, and CORRECTIONAL<br>OFFICER JOHN DOE #2,<br><br>      Defendants. | 19 Civ. 201 (KPF)<br><br>**<u>ORDER</u>** |

KATHERINE POLK FAILLA, District Judge:

## BACKGROUND

On January 8, 2019, Plaintiff Philip E. DeBlasio filed a Complaint, *pro se*, asserting claims against a "Doctor Williams," "Correctional Officer Simon," and two John Doe correctional officers. (Dkt. #2). His complaint alleged claims under 42 U.S.C. 1983 arising out of an incident that occurred on December 21, 2018, around 6:00 p.m. at the Clinical Alternative to Punitive Segregation ("CAPS") program in the Rikers Island Anna M. Kross Center's ("AMKC") "Mode #1 Lower A-Side."

On October 1, 2019, the Court granted DeBlasio *in forma pauperis* status. (Dkt. #6). Also on October 1, 2019, the Court issued an order requesting that Officer Simon waive service of summons and directing him or her to comply with Local Civil Rule 33.2. (Dkt. #7). Pursuant to *Valentin* v. *Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), the Court also ordered Corporation Counsel for the

City of New York to identify the "John Doe" defendants and to provide their badge numbers within 60 days. (Dkt. #7).

Shortly after the Court issued the October 1, 2019 orders, the Court learned the identity of "Doctor Williams," who is an employee of New York City Health + Hospitals Correctional Health Services. Dr. Williams can be reached at the following address:

> Erin Williams, MD
> c/o Marella Lowe, Assistant Director of Medical Records
> CHS Queens Warehouse – NYC Health and Hospitals,
> Correctional Health Services
> 49-04 19th Avenue, 1st Floor
> Astoria, New York 11105

In an order dated October 4, 2019, the Court reiterated its prior order that Corporation Counsel should provide Plaintiff and the Court with the identity of the two John Doe officers. (Dkt. #9).

On October 24, 2019, Corporation Counsel filed an unexecuted waiver of service for Officer Simon, indicating that it could not identify him or her. (Dkt. #11). On October 25, 2019, the Court ordered Plaintiff to submit a letter to the Court on or before December 2, 2019, providing the Court with any information he has that would help Corporation Counsel identify Defendant Simon. (Dkt. #12).

On November 27, 2019, the Court received a letter from Corporation Counsel requesting that the Court order Plaintiff to submit physical descriptions of the "John Doe" officers. Corporation Counsel explained that "the events alleged in Plaintiff's complaint do not comport with the results of

2

our investigation into the December 21, 2018 incident involving Plaintiff, making it nearly impossible to determine the identities of the New York City Department of Correction ("DOC") officers Plaintiff intends to sue absent detailed physical descriptions." (Dkt. #13).

On November 27, 2019, the Court ordered Plaintiff to provide the Court with further physical identifying and/or descriptive information for the two John Doe officers to help Corporation Counsel identify the two officers involved in the alleged incident. (Dkt. #14). The Court ordered Plaintiff to provide such information on or before December 31, 2019. (*See id.*).

To date, the Court has not received identifying information from Plaintiff regarding either of the two John Doe officers or Office Simon.

## DISCUSSION

### A.   Service on Defendant Dr. Williams

Because DeBlasio has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint un til the Court reviewed the complaint and ordered that a summons be issued. The

Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Dr. Williams through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "[Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents.](#)"  Within 120 days of the date of this Order, Defendant Dr. Williams must serve a response to those standard discovery requests.  In his or her response, Dr. Williams must quote each request verbatim.

## B. Identifying Officer Simon and the John Doe Officers

Plaintiff has not provided the Court or Corporation Counsel with any more identifying information than is in his complaint. However, the Court is eager to move this case along, and is reluctant to dismiss this case against the unidentified defendants. Corporation Counsel's letter of November 27, 2019, indicates that there are DOC reports regarding the incident alleged in the complaint. (Dkt. #13 at 2). Accordingly, the City of New York is hereby ORDERED to provide the Court with a list of the names and badge numbers of the officers who have been identified as having been involved in the incident from the DOC reports and any other investigation of the incident conducted by the DOC or City. The City of New York should provide such list to the Court and to Plaintiff on or before **February 27, 2020**.

## CONCLUSION

The Clerk of Court is further instructed to complete the USM-285 forms with the address for Dr. Erin Williams and deliver to the U.S. Marshals Service all documents necessary to effect service.

The City of New York is ORDERED to provide the Court with the list of the names and badge numbers of officers involved in the incident alleged in Plaintiff's complaint, as described above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45

5

(1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: January 17, 2020
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge