



| | | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | JOSHUA A. WEINER<br>*Senior Counsel*<br>Phone: (212) 356-2249<br>Fax: (212) 356-3509<br>Email: jweiner@law.nyc.gov |

May 15, 2020

**VIA ECF**
Honorable Katherine Polk Failla
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   Re: <u>Philip DeBlasio v. Doctor Williams, et al.</u>,
      19 Civ. 201 (KPF)

Your Honor,

   I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney representing Doctor Erin Williams and New York City Department of Correction Officer Tyrone Simon ("Defendants") in the above-referenced matter. Defendants write to respectfully request the Court stay discovery, including Defendants' deadline to respond to Plaintiff's Interrogatories and Requests for Production of Documents Pursuant to SDNY Local Civil Rule 33.2, pending the resolution of Defendants' anticipated motion to revoke Plaintiff's *in forma pauperis* ("IFP") status and dismiss his complaint.[1,2]

   By way of background, Plaintiff alleges that, on December 21, 2018 at approximately 6:00 p.m., in Anna M. Kross Center's ("AMKC") Mode 1, he was verbally harassed by Correction Officer Simon and two John Doe correction officers. (ECF No. 2, at pp. 4.) Plaintiff further alleges that one of the John Doe officers ordered another inmate to attack Plaintiff, a request with which the inmate complied, punching Plaintiff in the back of the head and his face several times. (<u>Id</u>.) On January 8, 2019, Plaintiff filed the complaint in this matter. (ECF No. 2.) On February 28, 2020, Defendants filed a pre-motion letter to discuss Defendants' contemplated motion to revoke Plaintiff's IFP status, pursuant to the IFP statute, and to dismiss Plaintiff's complaint. Subsequently, on March 5, 2020, the Court ordered Plaintiff "to respond to [Defendants'] letter on or before March 31, 2020." (ECF No. 21.) However, to date, Plaintiff has failed to respond.

---

[1] Defense counsel has been unable to seek Plaintiff's consent to the instant motion in light of Plaintiff's incarceration within a New York State correctional facility.

[2] Defendants' responses are currently due by May 18, 2020. (ECF No. 16.)

Pursuant to Federal Rule of Civil Procedure 26(c), courts have discretion to stay discovery for good cause pending a motion to dismiss.  See Barnes v. Smith, No. 12 Civ. 1916 (PKC) (RLE), 2013 U.S. Dist. LEXIS 12616, at *1-*2 (S.D.N.Y. Jan. 17, 2013).  "Good cause may be shown where a party has filed a strong dispositive motion."  Id. (internal quotations omitted).  Indeed, "a stay of discovery is appropriate . . . where the motion appears to have substantial grounds or . . . does not appear to be without foundation in law."  Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).  In determining whether to stay discovery, courts consider: "(1) whether defendant has made a strong showing that plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay.  Kanowitz v. Broadridge Fin. Sol., Inc., No. 13-CV-649 (DRH) (AKT), 2014 U.S. Dist. LEXIS 46518, at *15-*16 (E.D.N.Y. Mar. 21, 2014).

The factors weigh in favor of granting a stay of discovery.  First, as set forth in Defendants' pre-motion conference letter, Plaintiff's complaint should be dismissed based on Plaintiff's accumulation of "three strikes" under the IFP statute and the lack of imminent danger pled in his complaint.  (ECF No. 20).  Second, Defendants' motion is fully dispositive; thus, there is a strong chance that the time and resources Defendants would have to expend to engage in discovery during the motion's pendency would be for naught.  Finally, Plaintiff would not be prejudiced by the requested stay, as he would be entitled to proceed with discovery in the event that the Court denies Defendants' motion.  See Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 F.R.D 367, 368 (S.D.N.Y. 2002) (holding that proceeding with discovery while a dispositive motion is pending would be unnecessary, and staying discovery will neither "substantially nor unduly delay the action").  As such, the factors weigh in favor of granting a stay of discovery.

For the foregoing reasons, Defendants respectfully request the Court stay discovery, including Defendants' deadline to respond to Plaintiff's Interrogatories and Requests for Production of Documents Pursuant to SDNY Local Civil Rule 33.2, pending the resolution of Defendants' anticipated motion to revoke Plaintiff's IFP status and dismiss his complaint.  Thank you for your attention to this matter.

Sincerely,

*Joshua A. Weiner*
Joshua A. Weiner[3]
*Senior Counsel*

cc:     **VIA MAIL**[4]
        Philip E. DeBlasio

---

[3] This case has been assigned to Assistant Corporation Counsel Aaron Davison, who passed the New York State Bar Exam and is presently applying for admission. Mr. Davison is handling this matter under supervision and may be reached at (646) 988-3220 or adavison@law.nyc.gov.

[4] Defense counsel is limited in their access to mail because we are still working from home.  Nevertheless, defense counsel anticipates serving this document next week, at which point we will file a certificate of service.

DIN# 19A0070
Green Haven Correctional Facility
594 Route 216
Stormville, New York 12582

```
Application GRANTED.  Discovery in this matter is hereby STAYED.

Further, Plaintiff is reminded that he was ordered to respond to
Defendants' letter regarding revoking his in forma pauperis
status by March 31, 2020.  The Court appreciates that due to the
COVID-19 pandemic there have been restrictions placed on certain
correctional facilities that may have caused delay for Plaintiff
in receiving mail and submitting documents to the Court.  For
that reason, Plaintiff's time to respond to Defendants' letter
motion to revoke his in forma pauperis status because he has
accumulated three strikes under 28 U.S.C. § 1915(g), is hereby
EXTENDED to June 29, 2020.  If the Court does not hear from
Plaintiff by that time, it will take Defendants' motion under
consideration.



Dated:  May 18, 2020                SO ORDERED.
        New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

*A copy of this Order was mailed by Chambers to:*

Philip E. DeBlasio
NYSID: 04489407Y
DIN No: 19-A-0070
Green Haven Correctional Facility
594 Route 216
Stormville, NY 12582-0010